UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOURBEAU

v.                                                                                              C.A. No. 10-323 ML

RHODE ISLAND PAROLE BOARD

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff, Jason Bourbeau ("Plaintiff"), *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) ("Motion for Leave to Proceed *In Forma Pauperis*") (Docket # 3). This matter has been referred to me for determination. However, upon screening the Complaint filed in this action (the "Complaint") (Docket # 1) pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be dismissed and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied.

## BACKGROUND

The following facts, which, except as otherwise noted, are alleged in the Complaint, are taken as true for purposes of this Report and Recommendation.

Plaintiff is incarcerated at the Adult Correctional Institutions in Cranston, Rhode Island. *See* Motion for Leave to Proceed *In Forma Pauperis*, at p. 1. On March 15, 2010, the Rhode Island Parole Board (the "Board") denied Plaintiff's request for parole despite Plaintiff's non-violent and minimal criminal history and job letters, resources, and family support. Plaintiff alleges that the decision was improperly influenced by the law enforcement officer (unnamed) on the Board who acted in a biased manner.

Plaintiff filed this action against the Board on or about August 2, 2010. Plaintiff alleges that the presence of a law enforcement officer on the Board, and, presumably, the Rhode Island statute requiring one member of the Board "shall be a law enforcement officer," R.I. Gen. Laws § 13-8-2 (1956) (the "Parole Board Qualifications Statute"), violate the guidelines of the United States Parole Commission. Plaintiff further urges that the presence of a law enforcement officer

on the Board and the denial of his parole violated his constitutional rights to due process and equal protection. As relief Plaintiff seeks (i) a declaration that the Parole Board Qualifications Statute is unconstitutional and an injunction prohibiting a law enforcement agent from sitting on the Board; (ii) an order that he receive another parole hearing at which no law enforcement employee is on the Board; and (iii) compensatory damages of $10,000.

## DISCUSSION

### I. Screening Under § 1915(e)(2) & § 1915A

In connection with proceedings *in forma pauperis,* § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines, *inter alia,* that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for reasons identical to the reasons set forth in § 1915(e)(2). 28 U.S.C. § 1915A(a) & (b). For a complaint to state a claim on which relief may be granted, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, *see Gargano v. Liberty Int'l Underwriters,* 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a *pro se* plaintiff liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, the Court need not credit bald assertions or unverifiable conclusions. *See Iqbal,* 129 S.Ct. at 1949.

### II. § 1983 Standard

Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983, the Federal Civil Rights Act ("§ 1983"). In order to prevail under § 1983, a plaintiff must demonstrate "(i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Chongris v. Bd. of Appeals of Andover,* 811 F.2d 36, 40 (1st Cir. 1987). Here, although the Board acted under color of state law, I find that the Board is not subject to suit in this § 1983 action and that Plaintiff has not alleged facts demonstrating that the Board violated Plaintiff's federal rights.

### III. The Board Is Not A "Person" Under § 1983

First, it is well established that neither states nor state agencies are considered "persons" against whom a § 1983 action may be maintained. *Will v. Michigan Dep't of State Police,* 491

2

U.S. 58, 71, 109 S.Ct. 2304 (1989); *Harper v. Colorado State Bd. of Land Comm'rs*, 248 Fed.App'x 4, 8-9 (10th Cir. 2007); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Therefore, the Board, an agency of the state, is not a "person" amenable to suit under § 1983. *See Pelletier v. Rhode Island*, No. 07-185, 2008 WL 5062162, at * 3 (D.R.I. Nov. 26, 2008). I thus find that the Complaint fails to state a cognizable claim against the Board.

## IV.  Merits

Second, even if Plaintiff had named a person amenable to suit under § 1983 as a defendant, his claims would still fail to state a claim on which relief may be granted. As discussed below, the presence of a law enforcement agent on the Board does not violate either the due process or the equal protection clause of the Fourteenth Amendment.

### A.  Due Process Claim

Plaintiff urges that the presence of a law enforcement agent violates the due process clause of the Fourteenth Amendment because law enforcement agents are biased against prisoners. However, Plaintiff's allegations that the presence of any law enforcement officer on the Board violates his right to an impartial and disinterested tribunal has no merit. *See Lancaster v. Board of Prison Terms*, 234 Fed. App'x 588, 589 (9th Cir. 2007) (rejecting habeas petitioner's claim that a parole board was necessarily biased because there were a "high number of ex-law enforcement officials" on the board); *Vera v. Renico*, No. 01-CV-73413, 2002 WL 551014, at *1-3 (E.D.Mich. Mar.27, 2002)(rejecting claim in habeas corpus action alleging that "parole board members are biased against prisoners based upon their criminal justice backgrounds and the fact that they have 'dedicated their lives to sending citizens to prison for violating the law'"); *Ragins v. Gilmore*, 48 F.Supp.2d 566, 569-70 (E.D.Va. 1999)(rejecting prisoner's claim that the appointment of crime victims, law enforcement officials, and crime prevention personnel to the Virginia Parole Board as meritless and without "constitutional significance" because "[t]he Constitution places no limitations on who can serve as a member of a parole board based solely on the background of the official"); *U. S. ex rel. Devine v. Fairman*, 537 F.Supp. 883, 885 (D.C.Ill. 1982)(habeas "petitioner's allegations related to the bias of the Board members with prior law enforcement experience do not rise to the level of a due process violation" where petitioner failed to allege that particular Board members had a personal or official stake in the decision whether parole should be granted). Further Plaintiff provides no support for his claim that the guidelines for the United States Parole Commission prohibit law enforcement officers from membership on state parole boards.

3

Accordingly, Plaintiff fails to state a claim on which relief may be granted that his rights to due process were violated.

### B.     Equal Protection Claim

Plaintiff's claim that the presence of a law enforcement officer on the Board violates his rights under the equal protection clause also fails. First, Plaintiff does not explain why or how the make-up of the Board abrogates his equal protection rights. Second, Plaintiff fails to allege differential treatment between inmates in his circumstances and some other group of inmates or that some inmates in the Rhode Island prison system are not subject to the same standards for parole as Plaintiff. Therefore, he has not alleged a violation of a right under the equal protection clause. *See Buchanan v. Maine*, 469 F.3d 158, 178 (1st Cir. 2006)("Plaintiffs claiming an equal protection violation must first identify and relate *specific instances* where persons *situated similarly in all relevant aspects* were treated differently, instances which have the capacity to demonstrate that [plaintiff was] singled ... out for unlawful oppression.")(citation and inner quotations omitted)(emphasis in original).

Accordingly, Plaintiff fails to state a claim on which relief may be granted that his rights to equal protection were violated.

## CONCLUSION

In summary, I find that the Complaint fails to name a defendant amenable to suit under § 1983 or to state any meritorious claims. I therefore recommend that the Complaint be DISMISSED, with prejudice. Accordingly, I further recommend that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 2, 2010